IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| AUSTIN EDWARD LIGHTFEATHER,<br><br>             Plaintiff,<br><br>      vs.<br><br>ORADA, Reception Treatment Center Chief Psyichiatrist in his individual compacity; and CARDENEAS, Reception Treatment Center Correctional Officer in his individual compacity;<br><br>             Defendants. | **4:24CV3156**<br><br><br>**MEMORANDUM AND ORDER** |

This matter is before the Court on Plaintiff's correspondence dated September 11, 2024, which the Court liberally construes as a motion to voluntarily dismiss pursuant to Federal Rule of Civil Procedure 41. Filing No. 8. Rule 41(a) states that a plaintiff may dismiss an action without a court order by filing "a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment." Fed. R. Civ. P. 41(a)(1)(A)(i). In addition, Rule 41(a)(2) provides that an action may be dismissed at the plaintiff's request "on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). Here, Plaintiff asks the Court to dismiss this case "before there is any action that takes place," Filing No. 8 at 1, and Defendants have not been served with process. Upon consideration, the Court will grant Plaintiff's request for dismissal.

In addition to dismissal, Plaintiff also asks the Court to return the documents he filed on September 3, 2024, which would be the Complaint, Filing No. 1, Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, and Motion for Appointment of Counsel, Filing No. 3. "The generally recognized rule is that a court may not authorize

the commitment of federal funds to underwrite the necessary expenditures of an indigent civil litigant's action." *Haymes v. Smith*, 73 F.R.D. 572, 574 (W.D.N.Y.1976) (citing *Tyler v. Lark*, 472 F.2d 1077, 1078 (8th Cir. 1973)).  However, as a courtesy, the Court will direct the Clerk of the Court to return Plaintiff's original Complaint if the original document is still in the Clerk's possession.  *See* NECivR 5.1(e)(2) ("The clerk scans and discards original documents brought to the clerk for filing," and the Court may authorize return of original documents on a case-by-case basis where person submitting document seeks prior authorization).  If the original Complaint is unavailable, then Plaintiff should contact the clerk's office to determine the proper method of requesting and paying for copies of court documents.

IT IS THEREFORE ORDERED that:

1.     Plaintiff's request for dismissal of this action, Filing No. 8, is granted. Accordingly, this matter is dismissed without prejudice.

2.     The Clerk of the Court is directed to return the original of the Complaint, Filing No. 1, to Plaintiff if the original is still maintained in the Clerk's office.

3.     Plaintiff's pending Motion for Leave to Proceed in Forma Pauperis, Filing No. 2, Motion for Appointment of Counsel, Filing No. 3, and what has been docketed as a Motion for Consolidation, Filing No. 7, are denied as moot.

4.     A separate judgment will be entered in accordance with this Memorandum and Order.

Dated this 19th day of September, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge